IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN WILLIAMS, ALAN DAVIS, | ) |
| TIMOTHY REICHLING, | ) |
| JOSHUA JURCICH, | ) |
| CHRISTOPHER VAN BITTER, | ) |
| DAMIAN PHIPPS, JEREMY MOSBY, | ) |
| DEMETRIUS GOLLIDAY, | ) |
| DAVID HAMILTON, III, | ) |
| CHRISTOPHER ALEXANDER, | ) |
| BRENT FAUCETT, | ) |
| KEITH MUCKENSTURM, | ) |
| DEONTRE SAMUELS, | ) |
| DARRYL BROWN, MICHAEL E. BAUM, | ) |
| MONTRELL COOPER, JOSEPH BAUM, | ) |
| ERIC TUCKER, CARLOS LUNA, | ) |
| BRANDON SERES, | ) |
| TREVONTE NICHOLSON, | ) |
| JOHNNIE BULLOCK, | ) |
| ROBERT E. BALDWIN, JR., ZACH HILL, | ) |
| JACOB ESPARZA, RONNELL HUNTER, | ) |
| DELCHEVA HARRIS, RANDY MCCRAY, | ) |
| and ANTONIO COZART, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| vs. | ) Case No. 13-cv-1340-MJR |
|  | ) |
| RICHARD WATSON | ) |
| and ST. CLAIR COUNTY JAIL, | ) |
|  | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court for case management. This *pro se* action was filed by lead Plaintiff Kevin Williams and 28 other detainees at the St. Clair County Jail ("the Jail"), to challenge the Defendants' strip-search practices. This Court in Doc. 4 advised each non-lead Plaintiff that he must give notice by January 23, 2014, if he wished to voluntarily withdraw from

the lawsuit. Any Plaintiff who failed to respond would continue as a party to the action. All Plaintiffs who remained in the action would incur a filing fee. In addition, each Plaintiff remaining in the suit was directed to submit a motion for leave to proceed *in forma pauperis* (IFP) if he was unable to pay the fee in full. Several, but not all, of the Plaintiffs have responded.

According to the responses, or lack thereof, some Plaintiffs shall be dismissed from the action and one Plaintiff's claim shall be severed. Lead Plaintiff Kevin Williams shall be ordered to show cause why he should not be dismissed from the action for failure to comply with the Court's previous order (Doc. 4). Likewise, several other Plaintiffs are subject to dismissal from the action for failure to comply with the order at Doc. 4.

**I. Plaintiffs to be Dismissed from the Action Without Fee**

The order at Doc. 4 was mailed to each individual Plaintiff at the Jail. The envelopes addressed to three of the Plaintiffs (Damian Phipps, Darryl Brown, and Randy McCray) were returned as undeliverable with the notation, "No Such Person at the St. Clair County Jail" (Docs. 5, 6, 7). Because they did not receive the Court's order (which was the only notice advising them of their duty to update their address with the Court) these three Plaintiffs shall be dismissed from the action and shall not be assessed a filing fee.

In addition, six other Plaintiffs responded to the order at Doc. 4 by requesting to withdraw from the action: Johnnie Bullock (Doc. 8); David Hamilton, III (Doc. 9); Timothy Reichling (Doc. 10); Ronnell Hunter (Doc. 12); Robert E. Baldwin, Jr. (Doc. 16); and Keith Muckensturm (Doc. 17). Those requests which were docketed as motions to withdraw from the case (Docs. 12, 16, and 17) are **GRANTED**.

Accordingly, the following Plaintiffs are **DISMISSED** from the action without prejudice and shall not be assessed a filing fee: **TIMOTHY REICHLING, DAMIAN**

**PHIPPS, DAVID HAMILTON, III, KEITH MUCKENSTURM, DARRYL BROWN, JOHNNIE BULLOCK, ROBERT E. BALDWIN, JR., RONNELL HUNTER,** and **RANDY McCRAY**.

**II. Plaintiff Christopher Alexander – Motion for Severance**

Plaintiff Christopher Alexander is the only Plaintiff to respond by moving for severance of his claim into a new, separate case (Doc. 15). The motion for severance also incorporated a request for appointment of counsel. Alexander filed a motion for leave to proceed IFP as directed (Docs. 13, 14).

Plaintiff Alexander's motion for severance (Doc. 15) is **GRANTED;** however, that portion of the motion requesting counsel is **DENIED WITHOUT PREJUDICE.** There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). The Court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist a pro se litigant. *Id.* Here, however, Alexander has made no showing as to whether he has attempted to obtain counsel on his own, or that he has been effectively precluded from doing so. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Further, given the fairly straightforward nature of this case, there is no indication that Alexander would not be competent to litigate it himself, at least at this early stage. Alexander may re-file his motion in the newly-severed case, if he wishes to do so.

**IT IS THEREFORE ORDERED** that Plaintiff Alexander's claims are **SEVERED** into a new case. That new case shall be captioned: **CHRISTOPHER ALEXANDER, Plaintiff, vs. RICHARD WATSON, and ST. CLAIR COUNTY JAIL (Specific Guards), Defendants**.

The new severed case **SHALL BE ASSIGNED** to the undersigned District Judge for further proceedings. In the new case, the Clerk is **DIRECTED** to file the following documents:

(1) This Memorandum and Order
(2) The Original Complaint (Doc. 1)
(3) The Memorandum and Order at Doc. 4
(4) Plaintiff Alexander's motion to proceed *in forma pauperis* (Doc. 14)
(5) Plaintiff Alexander's Prisoner Trust Fund Statement (Doc. 13)

**IT IS FURTHER ORDERED** that Plaintiff **CHRISTOPHER ALEXANDER** is **TERMINATED** from *this* action with prejudice. He will not owe a filing fee for this action, but will be responsible for the filing fee in his severed case. His motion for leave to proceed *in forma pauperis* shall be addressed in that new case. The Clerk shall notify Plaintiff Alexander of his new case number, and he is cautioned to file all future documents under that new number.

The Clerk is **DIRECTED** to mail Plaintiff Alexander a blank form motion for the recruitment of counsel.

### III.  Plaintiff Delcheva Harris

Plaintiff Delcheva Harris is the only other Plaintiff who complied with the order to submit a motion for leave to proceed IFP (Doc. 11), thus affirming his choice to continue as a co-Plaintiff in the action. His signature was included on the original complaint (Doc. 1, p. 5).

Therefore, Delcheva Harris will remain as a co-Plaintiff herein. His IFP motion shall be addressed in a separate order.

### IV.  Lead Plaintiff Kevin Williams – Notice of Impending Dismissal

Plaintiff Kevin Williams was directed to submit his prisoner trust fund statement, covering the six-month period immediately preceding the filing of this action (6/27/2013 to 12/27/2013), no later than February 18, 2014 (Doc. 4, p. 6). To date, he has failed to provide the

required statement. Therefore, he is subject to dismissal from this action for his failure to comply with a court order. FED. R. CIV. P. 41(b).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Kevin Williams shall **SHOW CAUSE**, within 14 days of the date of this order **(on or before May 16, 2014),** why he should not be dismissed as a Plaintiff in this action. If the required prisoner trust fund statement described above is submitted by this deadline, Williams' obligation to show cause in this matter shall be satisfied.

### V. Remaining Plaintiffs Who Did not Withdraw from the Action or Seek IFP Status – Notice of Impending Dismissal and Obligation to Pay Filing Fee

In the Court's previous order, each Plaintiff was clearly notified that if he did not respond to the order within 21 days, he would continue as a Plaintiff in this action (Doc. 4, p. 7). Further, each Plaintiff who did not affirmatively withdraw from the action would be responsible for paying an individual filing fee of $400.00 (reduced to $350.00 if a motion for leave to proceed IFP is submitted and approved) (Doc. 4, pp. 3, 5). Finally, each Plaintiff who desired to continue in the action was ordered to submit a motion for leave to proceed IFP within 21 days (and the Clerk mailed each Plaintiff a blank form motion).

Seventeen Plaintiffs did not respond at all to the order at Doc. 4; thus they remain as co-Plaintiffs herein, and each has incurred the obligation to pay a $400.00 filing fee. None of the 17 has filed a motion for leave to proceed IFP as ordered. Thus, each Plaintiff listed below is subject to being dismissed from this action for failure to comply with an order of this Court. FED. R. CIV. P. 41(b). These Plaintiffs are: Alan Davis, Joshua Jurcich, Christopher Van Bitter, Jeremy Mosby, Demetrius Golliday, Brent Faucett, Deontre Samuels, Michael E. Baum, Montrell Cooper, Joseph Baum, Eric Tucker, Carlos Luna, Brandon Seres, Trevonte Nicholson, Zach Hill, Jacob Esparza, and Antonio Cozart.

**IT IS THEREFORE ORDERED** that Plaintiffs **ALAN DAVIS, JOSHUA JURCICH, CHRISTOPHER VAN BITTER, JEREMY MOSBY, DEMETRIUS GOLLIDAY, BRENT FAUCETT, DEONTRE SAMUELS, MICHAEL E. BAUM, MONTRELL COOPER, JOSEPH BAUM, ERIC TUCKER, CARLOS LUNA, BRANDON SERES, TREVONTE NICHOLSON, ZACH HILL, JACOB ESPARZA, and ANTONIO COZART SHALL each FILE A MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**, within 14 days of the date of this order **(on or before May 16, 2014)**. Each Plaintiff listed above must also submit his prisoner trust fund statement for the six-month period of 6/27/2013 to 12/27/2013. Any Plaintiff listed above who fails to comply with this order shall be **DISMISSED** from the action, but shall still be obligated to pay the full filing fee for this case. The Trust Fund Officer at the Jail shall be ordered to deduct payments from each Plaintiff's trust fund account.

The Clerk is **DIRECTED** to mail another blank form motion for leave to proceed IFP to each Plaintiff named above, along with a copy of this order.

In addition, because **BRENT FAUCETT, DEONTRE SAMUELS, and MONTRELL COOPER** failed to sign the original complaint, if they are not dismissed from this action under the terms of the above paragraph, they (along with Kevin Williams, Delcheva Harris, and any other Plaintiffs who are not dismissed from this action) shall be required to submit an amended complaint bearing all signatures of all the remaining Plaintiffs. If necessary, the Court shall set another deadline for the submission of an amended complaint in a future order.

## VI. Conclusion

The Clerk is **DIRECTED** to mail a copy of this order to each of the 29 listed

Plaintiffs at the St. Clair County Jail.

Plaintiffs are **ADVISED** that the Court's preliminary review of the complaint pursuant to 28 U.S.C. § 1915A shall not be completed until after the deadline herein for certain Plaintiffs to respond. The complaint has not yet been served on the Defendants. When this review is concluded, a copy of the Court's order will be forwarded to each Plaintiff who remains in the action.

**IT IS SO ORDERED.**

**DATED: May 2, 2014**

s/ MICHAEL J. REAGAN<br>United States District Judge