IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTOPHER ALEXANDER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-507-MJR |
| | ) | |
| RICHARD WATSON, | ) | |
| and ST. CLAIR COUNTY JAIL | ) | |
| (Specific Guards), | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This action was severed on May 2, 2014, from *Williams, et al., v. Watson, et al.*, Case No. 13-cv-1340-MJR, at Plaintiff's request (Doc. 1).  Plaintiff, a detainee at the St. Clair County Jail ("the Jail"), joined with 28 other detainees to bring a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, claiming that group strip searches at the Jail violated their constitutional rights as well as an Illinois statute.  After receiving the case management order at Doc. 3, Plaintiff chose to pursue his claims in a separate action.

The complaint (Doc. 2) was signed by Plaintiff and most of the other original co-Plaintiffs.  In it, he alleges that on multiple occasions, he and other fellow detainees were made to line up together in view of each other, remove their clothing, spread their buttocks, lift their genitals, and open their mouths for visual inspection (Doc. 2, p. 3).  The strip searches were conducted in the view of "multiple officers" walking past the group of detainees.  Plaintiff alleges there was no reasonable suspicion that any detainee possessed contraband, and none was found as a result of the searches.

Although the complaint claims that a number of specific correctional officers conducted these strip searches, these individuals are not identified.  Plaintiff states that he is "moving to name all" officers who took part in the allegedly unconstitutional searches. Defendant Richard Watson (the St. Clair County Sheriff) is not said to have personally participated in the searches, but is named in his supervisory capacity (Doc. 2, p. 2).

Plaintiff argues that the searches were unconstitutional because the officers lacked reasonable suspicion that the detainees were hiding contraband.  Further, the Jail's practices violated 725 Illinois Compiled Statutes 5/103-1(d), (e), and (h).

The complaint seeks preliminary and permanent injunctive relief to stop the illegal searches, and compensatory and punitive damages (Doc. 2, p. 4).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against the unnamed (John Doe) Defendant Guards for subjecting him to unconstitutional strip searches in violation of his rights under the Fourth and Fourteenth Amendments **(Count 1)**.  Further, at this stage Plaintiff may proceed with a claim against Defendant Watson in his official capacity, for promulgating the official strip-search policy and practice at the Jail which led to the alleged constitutional violations **(Count 2)**.

Courts have recognized that arbitrary or blanket strip searches of pretrial detainees may violate the Constitution.  *See Bell v. Wolfish,* 441 U.S. 520, 558-60 (1979) (search of pretrial detainees after contact visits with outsiders was reasonable); *Calvin v. Sheriff of Will*

*Cnty.*, 405 F. Supp. 2d 933, 938-940 (N.D. Ill. 2005) (noting that "*Bell* did not validate a blanket policy of strip searching pretrial detainees").  *Bell* instructs that in balancing the detainee's constitutional rights with the security concerns of the institution, courts must consider the scope of the intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.  *Bell*, 441 U.S. at 559.

Although civil rights claims brought by detainees arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'"  *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n. 2 (7th Cir. 1999)).

Strip searches of prisoners that are not related to legitimate security needs, or are conducted in a harassing manner in order to humiliate and inflict psychological pain, may be found unconstitutional under the Eighth Amendment.  *Mays v. Springborn*, 719 F.3d 631, 634, (7th Cir. 2013) (group of inmates were strip searched together, gratuitously exposing prisoners' nude bodies to each other, while guards uttered demeaning comments); *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (a strip search conducted in a harassing manner intended to humiliate and inflict psychological pain could violate the Eighth Amendment); *see also Meriwether v. Faulkner*, 821 F.2d 408 (7th Cir. 1987) (allegation of calculated harassment by strip searches stated Eighth Amendment claim), *cert. denied*, 484 U.S. 935 (1987).

Plaintiff alleges that there was no legitimate security reason for the strip searches. Further, the public manner in which the group searches were conducted, as well as the repeated searches, may have been intended to humiliate him.  At this stage, Plaintiff has stated

constitutional claims for the strip searches that are not subject to dismissal under § 1915A.

**Violation of Illinois Statute**

Plaintiff also claims the strip searches violated the Illinois statute which sets forth an individual's rights upon arrest.  725 ILL. COMP. STAT. 5/103-1(c) – (f).  It prohibits the strip search of a person arrested for "a traffic, regulatory or misdemeanor offense, except in cases involving weapons or a controlled substance, . . . unless there is reasonable belief that the individual is concealing a weapon or controlled substance."  725 ILL. COMP. STAT. 5/103-1(c). The statute further provides that if an arrested person is strip searched, the search must be performed where it cannot be observed by others.  725 ILL. COMP. STAT. 5/103-1(e).  A violation of the statute may be criminally prosecuted as official misconduct.  725 ILL. COMP. STAT. 5/103-1(h).  However, none of the provisions in subsections (c) through (h) apply if the person is in custody pursuant to a court order.  725 ILL. COMP. STAT. 5/103-1(j).  Thus, a person arrested as a result of an outstanding warrant does not come under the statute's protection.  *People v. Mitchell*, 819 N.E.2d 1252, 1255 (Ill. App. 2004).

Whether or not this statute is applicable to Plaintiff, a violation of this state law does not give rise to a constitutional claim upon which relief may be granted.  As a general proposition, "[t]he federal government is not the enforcer of state law."  *Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001); *see also Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988) (en banc), *cert. denied,* 489 U.S. 1065 (1989).  Further, the Seventh Circuit has specifically held that Illinois' enactment of this strip-search statute did not create a federally protected liberty interest. *Kraushaar v. Flanigan*, 45 F.3d 1040, 1047 (7th Cir. 1995).  Therefore, even a purported violation of the statute cannot be pursued as a federal claim. *Id*. at 1047-49.

The complaint does not assert a distinct state law claim arising from the strip searches, focusing instead on the alleged violation of Plaintiff's federal constitutional rights. As such, the case shall proceed only on Counts 1 and 2 as described above.

**Disposition**

**IT IS HEREBY ORDERED** that the Clerk of Court shall prepare for Defendant **WATSON** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, the Orders at Docs. 1 and 3, and this Memorandum and Order to the Defendant's place of employment as identified by Plaintiff. If the Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendant Guards until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that, if the Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or  counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to

Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 14, 2014**

s/ MICHAEL J. REAGAN
United States District Judge